

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

*The Nemours Building*  (302) 573-6277
*1007 N. Orange Street, Suite 700*  FAX (302) 573-6220
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

June 30, 2006

**VIA CM/ECF**

The Honorable Kent A. Jordan
District Judge
United States District Court
 for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    RE:    <u>**United States v. Nicole Pfund - Criminal Action No.  06-23-KAJ**</u>

Dear Judge Jordan:

    As counsel discussed with the Court during the scheduling conference on June 26, 2006, the parties have reached agreement regarding a pre-trial resolution of this matter. Accordingly, enclosed please find a proposed Memorandum of Plea Agreement between the government and the defendant. It is the parties' understanding that the Rule 11 hearing will take place in lieu of the pre-trial conference, scheduled before the Court for July 10, 2006 at 4:00 p.m.

    Pursuant to this agreement, Ms. Pfund will plead guilty to Count 11 of the Indictment against her in this case. Count 11 charges the defendant with bank fraud, in violation of Title 18, United States Code, Section 1344. Violation of the bank fraud statute as charged in Count 11 carries a maximum sentence of thirty (30) years imprisonment, a $1,000,000 fine, five (5) years supervised release, restitution, and a $100 special assessment.

    Please contact me should your Honor have any questions.

    Respectfully submitted,

    COLM F. CONNOLLY
    United States Attorney

BY: _____
    Shannon Thee Hanson
    Assistant United States Attorney

Enclosure

cc:  James J. Haley, Jr., Esq. (via CM/ECF)
     Clerk, U.S. District Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>         Plaintiff, )<br>   v. )<br>)<br>NICOLE PFUND, )<br>  aka Kelly Lasey, Jamie Hart, Stacey Monty, )<br>  Dana Eisenhower, Tabitha Rastelli, and )<br>  Diane Costello, )<br>         Defendant. ) | Criminal Action No. 06-23-KAJ |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and the defendant, Nicole Pfund by and through her attorney, James J. Haley, Jr., Esq., the following agreement is hereby entered into by the respective parties:

    1.    The defendant shall plead guilty in the United States District Court for the District of Delaware to Count 11 of the Indictment against her in the above-captioned case. Count 11 charges the defendant with bank fraud, in violation of Title 18, United States Code, Section 1344. Violation of the bank fraud statute as charged in Count 11 carries a maximum sentence of thirty (30) years imprisonment, a $1,000,000 fine, five (5) years supervised release, restitution, and a $100 special assessment.

    2.    The defendant agrees to pay the $100.00 special assessment on or before the day of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the

defendant agrees voluntarily to enter the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

3. The defendant understands that the following are the elements of the Section 1344 violation to which she is pleading guilty and which the government would have to prove were this matter to go to trial:

> (1) On or about March 3, 2004, the defendant knowingly executed and attempted to execute a scheme or artifice to defraud, Wachovia Bank, N.A. ("Wachovia"), as set forth in the Indictment, by writing Wachovia check number 8941 for $1,047.34 to Lowe's in Middletown, Delaware representing herself to be Stacey Monty, the person named as the account holder on check 8941, when she knew that she was signing checks with a false account holder name and that there were insufficient funds in the Stacey Monty account to pay for the goods and services rendered to her;
>
> (2) At the time, Wachovia was a financial institution within the meaning of the law, to wit, it was insured by the Federal Deposit Insurance Corporation;
>
> (3) The defendant acted with intent to defraud Wachovia; and
>
> (4) The defendant's false representations when writing check 8941 were material, meaning they would naturally tend to influence, or were capable of influencing the decisions of Wachovia.

4. The parties stipulate and agree that, based on information known to date, the government's evidence is sufficient to prove that the loss resulting from the defendant's offense conduct and that conduct for which the defendant is held responsible pursuant to United States Sentencing Guideline ("U.S.S.G.") Section 1B1.3(a)(2) (relevant conduct) is more than $200,000 but less than $400,000, pursuant to U.S.S.G. Section 2B1.1(b)(1)(G) of the November 1, 2005

U.S. Sentencing Guidelines Manual. Accordingly, before any other adjustments, the defendant's offense level is 19.

5. The parties further stipulate and agree that the government's evidence is sufficient to prove the following additional adjustments to the defendant's offense level: (1) the defendant's offense involved ten (10) or more victims, resulting in a two (2) level increase pursuant to Section 2B1.1(b)(2)(A); (2) the defendant relocated and participated in relocating her fraudulent scheme from New Jersey to Delaware to evade law enforcement and/or regulatory officials, resulting in a two (2) level increase pursuant to Section 2B1.1(b)(9); and (3) without authorization, the defendant used a means of identification unlawfully to obtain another means of identification, resulting in a two (2) level increase pursuant to Section 2B1.1(b)(10)(C)(I). Based on information known to date, there are no other Chapter 2 enhancements to the defendant's sentence. Accordingly, based on information known to date, the defendant's total offense level is 25.

6. The parties further stipulate and agree that the government's evidence is sufficient to prove that the defendant used the following alias names, as listed in the Indictment, in the course of the charged bank fraud scheme: Kelly Lasey, Jamie Hart, Stacey Monty, Dana Eisenhower, Tabitha Rastelli, and Diane Costello.

7. On or before the sentencing date, the government will dismiss the remaining counts of the Indictment against the defendant in this case.

8. Provided that the government does not learn subsequently of conduct by the defendant inconsistent with acceptance of responsibility, the government agrees to move for a three (3) level reduction in the offense level for the defendant's affirmative acceptance of

responsibility under U.S.S.G. Section 3E1.1, based on the defendant's conduct to date. The government will make this recommendation because the defendant timely has notified authorities of her intention to enter a plea of guilty, thereby allowing the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. The defendant understands that at sentencing the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).

10. The parties recognize that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the Guidelines differently than she expects, or contrary to any stipulation of the parties or recommendation of her attorney.

11. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend any ruling of the Court at any subsequent proceedings, including any appeal.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and that any and all promises,

representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>United States Attorney

_____          By:_____
James J. Haley, Jr., Esquire            Shannon Thee Hanson
Attorney for Defendant                  Assistant United States Attorney


_____
Nicole Pfund
Defendant

Dated:   July ___, 2006

    **AND NOW**, this _____ day of _____, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                             _____
                             HONORABLE KENT A. JORDAN
                             United States District Judge
                             District of Delaware