# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,     )
                                       )

              Plaintiff,        )

      v.                     )     Criminal Action No. 06-23-KAJ

                                        )

NICOLE PFUND,               )

             Defendant.     )

## JOINT MOTION TO AMEND SENTENCING HEARING RECORD TO INCLUDE DOCUMENTS RELATING TO DEFENDANT'S CRIMINAL HISTORY/RELEVANT CONDUCT

**COMES NOW** the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Shannon T. Hanson, Assistant United States Attorney for the District of Delaware, and James J. Haley, counsel for defendant Nicole Pfund, and hereby requests that the Court reopen and amend the record of the sentencing hearing in the above-captioned case, held by the Court on November 13, 2006, to include documents referred to at that hearing (specifically proposed Joint Hearing Exhibits 1-6, appended hereto), and for their reasons state as follows:

(1)      On November 13, 2006, defendant Nicole Pfund was sentenced by the Court to a term of imprisonment of 100 months, five (5) years supervised release, restitution totaling $36,149.06, and a special assessment of $100. *See* 11/13/2006 Sentencing Transcript, Docket Item ("D.I.") 31, at 12-15.

(2)      At the sentencing hearing, defense counsel raised an issue with respect to the computation of loss and relevant conduct under the U.S. Sentencing Guidelines, specifically with respect to certain prior criminal activity of the defendant in New Jersey. *See* D.I. 31 at 3-4. In short, defense counsel was advocating for a 10 level increase under U.S.S.G. Sec. 2B1.1(b)(1)(F), rather than a 12 level increase for losses over $200,000 pursuant to U.S.S.G. Sec. 2B1.1(b)(1)(G). In

responding to defense counsel, the Court referenced documentation from the New Jersey courts provided by the Probation Officer to the Court and to counsel immediately prior to the sentencing hearing. D.I. 31 at 4. Thereafter, government counsel indicated that she had reviewed the materials provided by the Probation Officer and noted that these materials related to the conduct at issue in paragraphs 66, 68, 75, 76, 78 and 80 of the defendant's Presentence Investigation Report. D.I. 31 at 5-6. Government counsel argued that the documentation provided by the Probation Officer demonstrated that the counts of conviction in each of the New Jersey bad check cases listed in those paragraphs were not the same as the bad check counts included as relevant conduct in the federal prosecution. *Id.* The Court accepted the government's argument and the Probation Officer's calculations and found that the defendant's total offense level was 24, which included a 12 level increase for losses over $200,000 pursuant to U.S.S.G. Sec. 2B1.1(b)(1)(G). *Id.* at 6.

(3)     Defendant Pfund filed a timely appeal. D.I. 26, 27, and 28. To insure that the record on appeal is clear and complete, the parties respectfully request that the documentation provided by the Probation Officer, reviewed by parties and the Court, and referred to repeatedly during the Sentencing Hearing, be made part of the record of that Sentencing Hearing. The parties have attached hereto, as proposed Joint Hearing Exhibits 1-6, those materials reviewed at sentencing which the parties respectfully request be made a part of the record. Defense counsel has reviewed the contents of this joint motion and proposed order, approved them, and authorized government counsel to sign this Motion on his behalf. A proposed Order is attached.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
James J. Haley, Jr.

Shannon Thee Hanson
Assistant United States Attorney

Dated:   December 12, 2006

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-23-KAJ |
| | ) | |
| NICOLE PFUND, | ) | |
| Defendant. | ) | |

### JOINT MOTION TO AMEND SENTENCING HEARING RECORD TO INCLUDE DOCUMENTS RELATING TO DEFENDANT'S CRIMINAL HISTORY/RELEVANT CONDUCT

Having reviewed the parties' Joint Motion to Amend Sentencing Hearing Record to Include Documents Relating to the Defendant's Criminal History/Relevant Conduct, it is **HEREBY ORDERED** as follows:

(1)    The record of the November 13, 2006 sentencing hearing in the above-captioned case **IS REOPENED** and the record **IS AMENDED** to include the documents identified in and appended to the parties' joint motion as Joint Hearing Exhibits 1-6.

_____

The Honorable Kent A. Jordan
United States District Judge

Dated: December _____, 2006.

**SUPERIOR COURT OF NEW JERSEY
COUNTY OF GLOUCESTER
LAW DIVISION - CRIMINAL**

JUL 2 8 2004

CRIMINAL CASE MANAGER'S OFFICE

THE STATE OF NEW JERSEY        :            **JULY TERM, 2004**

        **V.**                    :            (A)INDICTMENT NO. 04-07-00567

NICOLE PFUND

**Defendants**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about September 28, 2003, in the Township of Washington, County of Gloucester, and within the jurisdiction of this Court, purposely did obtain the property of Drissels having a value in excess of $200.00, by deception, that is by creating or reinforcing the false impression that the uttered check was not fraudulent; contrary to the provision of N.J.S. 2C:20-4, and against the peace of the State, the government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000259-0818 (theft by decep)

### SECOND COUNT

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about September 28, 2003, in the Township of Washington, County of Gloucester, aforesaid and within the jurisdiction of this Court, with purpose to defraud or injure, knowingly did utter as true to Drissels check number 3670 drawn on the account of Tabitha Rastelli at the Wachovia Bank payable to Drissels in the amount of $313.58, bearing thereon a forged or falsely made signature of endorsement, knowing the same to be forged or falsely made; contrary to the provisions of N.J.S. 2C:21-1a(3), and against the peace of this State, the Government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000259-0818 (uttering)

### THIRD COUNT

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about September 28, 2003, in the Township of Washington, County of Gloucester, and within the jurisdiction of this Court, purposely did obtain the property of Bloomers having a value in excess of $200.00, by deception, that is by creating or reinforcing the false impression that the uttered check was not fraudulent; contrary to the provision of N.J.S. 2C:20-4, and against the peace of the State, the government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000261-0818 (theft by decep)

**JT. HRG.
EXH. 1**

**FOURTH COUNT**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about September 28, 2003, in the Township of Washington, County of Gloucester, aforesaid and within the jurisdiction of this Court, with purpose to defraud or injure, knowingly did utter as true to Bloomers, check number 3671 drawn on the account of Tabitha Rastelli at the Wachovia Bank payable to Bloomers in the amount of $361.20, bearing thereon a forged or falsely made signature of endorsement, knowing the same to be forged or falsely made; contrary to the provisions of N.J.S. 2C:21-1a(3), and against the peace of this State, the Government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000261-0818 (uttering)

**FIFTH COUNT**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 2, 2003, in the Township of Washington, County of Gloucester, and within the jurisdiction of this Court, purposely did obtain the property of Lamp and Shade Works having a value in excess of $200.00, by deception, that is by creating or reinforcing the false impression that the uttered check was not fraudulent; contrary to the provision of N.J.S. 2C:20-4, and against the peace of the State, the government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000260-0818 (theft by decep)

**SIXTH COUNT**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 2, 2003, in the Township of Washington, County of Gloucester, aforesaid and within the jurisdiction of this Court, with purpose to defraud or injure, knowingly did utter as true to Lamp and Shade Works, check number 3684 drawn on the account of Tabitha Rastelli at the Wachovia Bank payable to Lamp and Shade Works in the amount of $482.20, bearing thereon a forged or falsely made signature of endorsement, knowing the same to be forged or falsely made; contrary to the provisions of N.J.S. 2C:21-1a(3), and against the peace of this State, the Government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000261-0818 (uttering)

**SEVENTH COUNT**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 3, 2003, in the Township of Washington, County of Gloucester, and within the jurisdiction of this Court, purposely did obtain the property of Lamp and Shade Works having a value in excess of $500.00, by deception, that is by creating or reinforcing the false impression that the uttered check was not fraudulent; contrary to the provision of N.J.S. 2C:20-4, and against the peace of the State, the government and dignity of the same. Said crime being a crime of the 3rd degree. W2004-000299-0818 (theft by decep)

**EIGHTH COUNT**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 3, 2003, in the Township of Washington, County of Gloucester, aforesaid and within the jurisdiction of this Court, with purpose to defraud or injure, knowingly did utter as true to Lamp and Shade Works, check number 3689 drawn on the account of Tabitha Rastelli at the Wachovia Bank payable to Lamp and Shade Works in the amount of $683.70, bearing thereon a forged or falsely made signature of endorsement, knowing the same to be forged or falsely made; contrary to the provisions of N.J.S. 2C:21-1a(3), and against the peace of this State, the Government and dignity of the same. Said crime being a crime of the 3rd degree. W2004-000299-0818 (uttering)

_____
**COUNTY PROSECUTOR**

_____
**FOREMAN**

**CASE:** 04000759

STATE OF NEW JERSEY    04000759-001 A

V.

NEW JERSEY SUPERIOR COURT   PAGE 01 OF 01
GLOUCESTER COUNTY LAW DIVISION-CRIMINAL

NICOLE PFUND

| | | |
|---|---|---|
| DATE OF BIRTH 07/18/1975 | S.B.I.# | 981511B |
| DATE OF ARREST | DATE IND/ACCUSATION FILED | 07/28/2004 |
| DATE OF THE | ORIGINAL PLEA WAS | |
| ORIGINAL PLEA 01/31/2005 | __ NOT GUILTY    XX GUILTY | |

XX  JUDGMENT OF CONVICTION
    CHANGE OF JUDGMENT
XX  ORDER FOR COMMITMENT
    INDICTMENT/ACCUSATION DISMISSED
    JUDGMENT OF ACQUITTAL

ADJUDICATION BY   XX GUILTY PLEA  DATE 01/31/2005   __ NON-JURY TRIAL  DATE _____
                  __ JURY TRIAL   DATE _____  __ DISM/ACQUITTED  DATE _____

ORIGINAL CHARGES ON IND 04-07-00567-I _____

| COUNT(S)   DESCRIPTION | DEGREE | STATUTE |
|---|---|---|
| 001, 003  THEFT BY DECEPTION | 4 | 2C:20-4 |
| 002, 004  FORGERY-UTTER | 4 | 2C:21-1A(3) |
| 005, 007  THEFT BY DECEPTION | 3 | 2C:20-4 |
| 006, 008  FORGERY-UTTER | 4 | 2C:21-1A(3) |

FINAL CHARGES _____

| COUNT(S)   DESCRIPTION | DEGREE | STATUTE |
|---|---|---|
| 007   THEFT BY DECEPTION | 3 | 2C:20-4 |

IT IS THEREFORE ON MARCH 21 2005    ORDERED AND ADJUDGED THAT THE DEFENDANT IS SENTENCED AS FOLLOWS:

COUNT 007, THEFT BY DECEPTION, 3RD DEGREE: THE DEFENDANT IS COMMITTED TO THE CUSTODY OF THE COMMISSIONER OF THE DEPARTMENT OF CORRECTIONS FOR A TERM OF 4 YEARS, C/C TO A04-09-00660-I, A04-08-00600-I & TO THE SENTENCE SHE IS CURRENTLY SERVING OUT OF CAMDEN AND/OR BURLINGTON COUNTY. CREDIT FOR TIME SERVED OF 16 DAYS (4/29/04 TO 5/5/04 & 5/9/04 TO 5/17/04). GAP TIME CREDITS OF 76 DAYS (5/6/04 TO 5/8/04 & 1/7/05 TO 3/20/05). FINES & PENALTIES OF $50 VCCB & $75 SSNA. RESTITUTION AS INDICATED UNDER A04-09-00660-I. MONETARY PAYMENTS, INCLUDING RESTITUTION, & DNA TESTING & COSTS APPLY & ARE C/C TO A04-09-00660-I. ** DISMISSALS: COUNTS 1 THRU 6 & 8 OF A04-07-00567-I.

( ) IT IS ORDERED THAT THE SHERIFF DELIVER THE DEFEND. TO THE APPROPRIATE CORRECTIONAL AUTHORITY.
(X) DEFENDANT RECEIVES CREDIT FOR TIME SPENT IN CUSTODY
TOT. DAYS  16 DATES   SEE ABOVE
(X) DEFENDANT RECEIVES GAP TIME CREDIT FOR TIME SPENT IN CUSTODY
TOT. DAYS  76 DATES   SEE ABOVE
TOT. CUSTODIAL TERM 04Y 00M 000 INSTITUTION:         CARE COMMISS/CORR         TOT. PROBATION:00Y 00M

STATE OF NEW JERSEY V. NICOLE PFUND                    SBI# 981511B  IND/ACC# 04-07-00567-I

TOTAL FINE            $.00 1) A MANDATORY DEDR PENALTY IS IMPOSED
TOTAL RESTITUTION     $.00     0 1ST DEGREE @ $3000     0 4TH DEGREE @ $750
                               0 2ND DEGREE @ $2000     DISORDERLY PERSONS @ $500
IF THE OFFENSE OCCURRED ON/AFTER        0 3RD DEGREE @ $1000
12/23/91 AN ASSESSMENT OF $50 IS
IMPOSED ON EACH CONVICTED COUNT                        TOTAL DEDR PENALTY         $.00
UNLESS THE BOX BELOW INDICATES          ( ) COURT ORDERS THAT COLLECTION OF DEDR PENALTY BE SUSPENDED UPON DEFENDANT'S
A HIGHER ASSESSMENT ($30 IF OF-             ENTRY INTO A RESIDENTIAL DRUG PROGRAM FOR THE TERM OF THE PROGRAM
FENSE OCCURRED ON/AFTER 1/9/86
UNLESS HIGHER ASSESSMENT NOTED)    2) A FORENSIC LABORATORY FEE OF $50 PER OFFENSE ORDERED _ OFFENSES @ $50.
($25 IF OFFENSE BEFORE 1/1/86)                TOTAL LAB FEE        $.00
                                   3) DRUGS INVOLVED:
  (X) ASSESSMENT IMPOSED ON        4) A MANDATORY DRIVER'S LICENSE SUSPENSION OF ___ MO. IS ORDERED
      COUNT(S)  1                     THE SUSPENSION BEGINS  _____  END: _____
      IS        $50.00 EACH.          DRIVERS LICENSE # _____
TOTAL VCCB ASSESS       $50.00
SSNA  $75.00                       DEFENDANT ADDRESS: _____
  ( ) INSTALLMENT PAYMENTS ARE        EYE COLOR _____ SEX _____ DATE OF BIRTH _____
      OF $_____ PER _____             ( ) DEFENDANT HOLDS AN OUT-OF-STATE DRIVERS LICENSE FROM
  BEGINNING _____                JURISDICTION _____ DRIVERS LICENSE # _____
                                      ( ) YOUR NON-RESIDENT DRIVING PRIVILEGE IS REVOKED FOR ___ MONTHS

IF OFFENSE OCCURRED ON/AFTER 02/01/93 & SENTENCE IS PROBATION OR STATE CORRECTIONS, A TRANSACTION FEE UP TO $1.00 IS
ORDERED EACH OCCASION A PAYMENT OR INSTALLMENT IS MADE.
IF OFFENSE OCCURRED ON/AFTER 08/02/93 A $75 SAFE NEIGHBORHOOD SERVICES FUND ASSESSMENT IS ORDERED ON EACH CONVICTION
IF OFFENSE OCCURRED ON/AFTER 01/05/94 & SENTENCE IS PROBATION A FEE OF UP TO $25 PER MO. FOR THE PROB. TERM IS ORDERED
AMOUNT PER MONTH  n/a

NAME OF FORM PREPARER         TELEPHONE#        NAME (ATTORNEY)
S. ARRISON                    609 853 3534      NEIL A HARTMAN ESQ.

REPORTER:                            REASONS

### SEE ATTACHED "REASONS FOR SENTENCE"

WALTER L MARSHALL JR, J.S.C.                              MARCH 21 2005
JUDGE (NAME)                    JUDGE (SIGNATURE)          DATE

STATE v. NICOLE PFUND                                    SENTENCE DATE:  3/21/05
INDICTMENT NOS.  A04-09-00660-I, A04-08-00600-I, A04-07-00567-I,
 A04-06-00474-I, 04-12-00439-Z AND A04-08-00601-I

Pursuant to a plea negotiated with the State, the defendant pled guilty on January 31, 2005 to Count 5 of Indictment No. A04-09-00660-I, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, to Count 1 of Indictment No. A04-08-00600-I, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, to Count 7 of Indictment No. A04-07-00567-I, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, to Count 1 of Indictment No. A04-06-00474-I, attempted theft by deception, in violation of NJSA 2C:5-1, a 3rd degree offense, to Count 1 of Indictment No. 04-12-00439-Z, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, and to Count 1 of Indictment No. A04-08-00601-I, theft by deception, in violation of NJSA 2C:20-4, a 4th degree offense.  The Court has reviewed the pre-sentence report and finds the following factors:

## REASONS FOR SENTENCE,
## WHICH APPLY TO ALL SENTENCES

## AGGRAVATING FACTOR(S):

3.      The risk that the defendant will commit another offense.

The defendant's record is voluminous.  This factor applies and is given substantial weight.

6.      The extent of the defendant's prior criminal record and the seriousness of the offenses of which she has been convicted.

This factor applies and is given substantial weight.

9.      The need for deterring the defendant and others from violating the law.

This factor applies in every case of this type.  This especially applies due to the fact that the defendant is a repetitive offender.  This factor is given substantial weight.

## MITIGATING FACTOR(S):

None.

---

This was a negotiated plea agreement between the prosecutor and the defendant.  There is, therefore, a presumption of reasonableness.  It appears appropriate under all the facts and circumstances and, in the interests of justice the Court will impose the recommended sentence.

The aggravating factors substantially outweigh the mitigating factor(s).

There is no presumption for or against incarceration for these third degree crime.

COMPLAINT NO   : W  2004 530628   COURT CODE  : 1709   COMPLAINT STATUS: DSUS
TOTAL CHARGES : 002   BAIL STATUS : BAIS   WARR STATUS:           SEALED IND:
CO-DEF COUNT: 000      RELATED COMP : N         POLICE CASE NO: A14004544
ISSUED DATE : 03 02 2004 DORA DATE: 00 00 0000 AGNCY/OFFR/UNIT: 2200 5864 A140
OFFENSE DATE: 10 08 2003 ENTERED DATE: 03 02 2004 OPERATOR ID : JUMLB5P


DEF NAME    : NICOLE          PFUND                 DOB: 07 18 1976
DEF ADDRESS: 24 CANDELSTICK ROAD
            :
       CITY : LAUREL SPRINGS           STATE: NJ      ZIP CODE: 08021
PHONE NO   : 000-000-0000        DLN: P30545910057764           DLN STATE: NJ

COMPL NAME :


HEARING DATE  : 05 11 2004     TIME: 09:00 A   ROOM: 0001      TYPE: FIAP
ADJOURNED DATE: 05 11 2004     COMPLAINT PLEA CODE: 9
REASON    : COURT ADJOURNMENT
TRANSFERRED TO: 0089  DATE: 03 02 2004  TRANSFERRED FROM: 0089 DATE: 05 11 2004
COMMENTS :


PF1-M/P COMPLNT       PF2-NARRATIVE       PF3-OFFENSE/DISP

**JT. HRG.
EXH. 2**

COMPLAINT NO: W   2004 530628        COURT CODE: 1709       COMPLAINT STATUS: DSUS
DEFENDANT   : NICOLE        PFUND                RELATED COMP   : N
PAGE: 0001
-------------------------        NARRATIVE    -----------------------------------
WITHIN THE JURISDICTION OF THIS COURT, COMMIT THEFT BY DECEPTION BY
ISSUING A BANK CHECK IN AMT OF $334.74 TO PURCHASE A TROY-BILT LAWNMOWER
FROM ROORKS, BY USING A WACHOVIA BANK ACCOUNT CHECK IN THE NAME OF
TABITHA L RASTELLI, KNOWING THIS IS NOT HER TRUE IDENTITY, IN VIOLATION
NJS 2C:20-4A

WITH THE JURISDICTION OF THIS COURT, UTTER A WRITING WHICH SHE KNEW TO BE
FORGED SPECIFICALLY BY PRESENTING TO ROORKS, A WACHOVIA BANK CHECK IN THE
NAME OF TABITHA L RASTELLI, IN THE AMOUNT OF $334.74 IN VIOLATION OF
NJS 2C:21-1A(3)

P C IS FOUND BASED ON NARRATIVE AND ADM OF OATH

   -----------------------------------------------------------------------

                            PF7 - PAGE BACK      PF8 - PAGE FWD

```
COMPLAINT NO : W   2004 530628   COURT CODE: 1709        COURT DATE  : 05 11 2004
DEFENDANT    : NICOLE            PFUND                   RELATED COMP: N
CHARGE SEQ   : 002           CHARGE STATUS: DISP   COMPLAINT STATUS: DSUS
OFFENSE: 2C:21-1A(3)     ACSX:    AUX OFFNS:                  DRUG CODE:
DEGREE: I                FORGERY
PLEA  : 9 PLEA DT: 00 00 0000 DISP DT: 05 07 2004 FINDING: S   MODIFY TYPE:
COND DISCHARGE ST:    AMENDED OFFENSE:               LICENSE SURRENDERED:
AMENDED OFFENSE DESC:
SENTENCE          TERMS CODE       DURATION        TERMS STATUS    SERVED CREDIT
1.                1.               1.              1.              1.
2.                2.               2.              2.              2.
3.                3.               3.              3.              3.
---------AMOUNT-----------AMOUNT--CODE--------AMOUNT--CODE-------AMOUNT--CODE--
FINE:                  1.                2.                3.
COST:                  4.                5.                6.
                       7.                8.                9.
                      10.               11.               12.
OFFENSE COMMENTS:
DISP COMMENTS: INTERFACED REMAND
```

```
COMPLAINT NO : W  2004 530628    COURT CODE: 1709         COURT DATE : 05 11 2004
DEFENDANT    : NICOLE        PFUND               RELATED COMP: N
CHARGE SEQ   : 001        CHARGE STATUS: TPAY     COMPLAINT STATUS: DSUS
OFFENSE: 2C:20-4      ACSX:    AUX OFFNS:                  DRUG CODE:
DEGREE: N           THEFT BY DECEPTION - NEEDS TO BE GRADED
PLEA  : 1 PLEA DT: 05 12 2004 DISP DT: 05 11 2004 FINDING: 1   MODIFY TYPE: C
COND DISCHARGE ST:    AMENDED OFFENSE: 2C:20-4A       LICENSE SURRENDERED:
AMENDED OFFENSE DESC: THEFT BY DECEPTION
SENTENCE          TERMS CODE         DURATION        TERMS STATUS      SERVED CREDIT
1.                 1.                 1.                1.                1.
2.                 2.                 2.                2.                2.
3.                 3.                 3.                3.                3.
--------AMOUNT----------AMOUNT--CODE-------AMOUNT--CODE-------AMOUNT--CODE--
FINE:    $300.00      1.      $39.00 VC   2.    $75.00 SN   3.     $8.00 VF
COST:     $58.00      4.       $3.00 CF   5.   $334.74 RT   6.     $6.00 PO
                      7.       $2.00 AF   8.               9.
                     10.                11.              12.
OFFENSE COMMENTS:
DISP COMMENTS: GL CO VID CRT/5-19-04 J ASSESS RT/NO WARR-SENT ST PRIS
```

**SUPERIOR COURT OF NEW JERSEY**
**COUNTY OF GLOUCESTER**
**LAW DIVISION - CRIMINAL**

THE STATE OF NEW JERSEY     :          **JULY TERM, 2004**


         V.                 :          (A)  INDICTMENT NO. 04-09-00660   I


**NICOLE PFUND**

**Defendants**


    The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about September 11, 2003, in the Township of Deptford, in the County of Gloucester, aforesaid and within the jurisdiction of this Court, with purpose to defraud or injure, knowingly did utter as true to Best Buy, check number 3640 drawn on the account of Tabitha Rastelli at the Wachovia Bank payable to Best Buy in the amount of $2,750.00, bearing thereon a forged or falsely made signature of endorsement, knowing the same to be forged or falsely made; contrary to the provisions of N.J.S. 2C:21-1a(3), and against the peace of this State, the Government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000393-0802 (uttering)

**SECOND COUNT**

    The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about September 11, 2003, in the Township of Deptford, County of Gloucester, aforesaid and within the jurisdiction of this Court, did issue check number 3640 drawn on the account of Tabitha Rastelli at the Wachovia Bank in the amount of $2,750.00 knowing that Wachovia Bank would not honor said check, contrary to the provisions of N.J.S. 2C:21-5 and against the peace of this State, the Government and dignity of the same. Said crime being a crime of the 3rd degree. W2004-000393-0802 (bad check)

**THIRD COUNT**

    The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about September 22, 2003, in the Township of Deptford, in the County of Gloucester, aforesaid and within the jurisdiction of this Court, with purpose to defraud or injure, knowingly did utter as true to Eckerd, check number 3683 drawn on the account of Tabitha Rastelli at the Wachovia Bank payable to Eckerd in the amount of $157.00, bearing thereon a forged or falsely made signature of endorsement, knowing the same to be forged or falsely made; contrary to the provisions of N.J.S. 2C:21-1a(3), and against the peace of this State, the Government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000440-0802 (uttering)

RECEIVED
SEP - 1 2004
CRIMINAL CASE MANAGER'S OFFICE

**JT. HRG.**
**EXH. 3**

**FOURTH COUNT**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 6, 2003, in the Township of Deptford, in the County of Gloucester, aforesaid and within the jurisdiction of this Court, with purpose to defraud or injure, knowingly did utter as true to Marburn Curtain, check number 3701 drawn on the account of Tabitha Rastelli at the Wachovia Bank payable to Marburn Curtain in the amount of $159.00, bearing thereon a forged or falsely made signature of endorsement, knowing the same to be forged or falsely made; contrary to the provisions of N.J.S. 2C:21-1a(3), and against the peace of this State, the Government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000441-0802 (uttering)

**FIFTH COUNT**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about September 11, 2003, in the Township of Deptford, County of Gloucester, and within the jurisdiction of this Court, purposely did obtain the property of Best Buy having a value in excess of $2,750.00, by deception, that is by creating or reinforcing the false impression that the check uttered was not forged or fraudulent; contrary to the provision of N.J.S. 2C:20-4, and against the peace of the State, the government and dignity of the same. Said crime being a crime of the 3rd degree. W2004-000393-0802 (theft by decep)

_____
**COUNTY PROSECUTOR**

_____
**FOREMAN**

**CASE: 04000758**

STATE OF NEW JERSEY    NEW JERSEY SUPERIOR COURT
    v.    GLOUCESTER COUNTY LAW DIVISION-CRIMINAL

NICOLE PFUND                                    XX  JUDGMENT OF CONVICTION
                                                    CHANGE OF JUDGMENT
DATE OF BIRTH  07/18/1975   S.B.I.#              XX  ORDER FOR COMMITMENT
DATE OF ARREST      DATE IND/ACCUSATION FILED  09/01/2004   981511B    INDICTMENT/ACCUSATION DISMISSED
DATE OF THE         ORIGINAL PLEA WAS               JUDGMENT OF ACQUITTAL
ORIGINAL PLEA  01/31/2005   ___ NOT GUILTY    XX GUILTY

ADJUDICATION BY    XX GUILTY PLEA  DATE 01/31/2005   ___ NON-JURY TRIAL  DATE _____
                   ___ JURY TRIAL  DATE _____    ___ DISM/ACQUITTED  DATE _____

ORIGINAL CHARGES ON IND 04-09-00660-I _____
      COUNT(S)   DESCRIPTION                         DEGREE  STATUTE
001, 003 FORGERY-UTTER                                 4   2C:21-1A(3)
002      BAD CHECKS OVER $200 -KNOWING                 3   2C:21-5
004      FORGERY-UTTER                                 4   2C:21-1A(3)
005      THEFT BY DECEPTION                            3   2C:20-4

FINAL CHARGES
      COUNT(S)   DESCRIPTION                         DEGREE  STATUTE
005      THEFT BY DECEPTION                            3   2C:20-4

IT IS THEREFORE ON MARCH 21 2005    ORDERED AND ADJUDGED THAT THE DEFENDANT IS SENTENCED AS FOLLOWS:

COUNT 005, THEFT BY DECEPTION, 3RD DEGREE: THE DEFENDANT IS COMMITTED TO THE CUSTODY OF THE COMMISSIONER OF THE
DEPARTMENT OF CORRECTIONS FOR A TERM OF 4 YEARS, C/C TO THE SENTENCE THE DEFENDANT IS CURRENTLY SERVING OUT OF
CAMDEN AND/OR BURLINGTON COUNTY. CREDIT FOR TIME SERVED OF 16 DAYS (4/29/04 TO 5/5/04 & 5/9/04 TO 5/17/04). GAP
TIME CREDITS OF 76 DAYS (5/6/04 TO 5/8/04 AND 1/7/05 TO 3/20/05). FINES & PENALTIES OF $50 VCCB, $75 SSNA & $30
LEOPA. RESTITUTION AS FOLLOWS: $87.23 TO SCHALICK MILLS, INC.; $1,157.07 TO SELECTIVE INSURANCE CO.; $376.20 TO
BLOOMERS HOME & GARDEN; $159 TO MARBURN CURTAIN; $683.70 TO LAMP SHADE WORKS; $1,122.88 TO WARREN'S HARDWARE;
$325.58 TO DRISSEL'S HARDWARE; & $411.59 TO ECKERD DRUG STORE. DEFENDANT TO PROVIDE A DNA SAMPLE, AT THE DIRECTION
OF THE COUNTY JAIL OR PRISON SYSTEM, AS APPLICABLE, & PAY FOR COSTS OF TESTING. ALL MONETARY OBLIGATIONS, INCLUDING
RESTITUTION, ARE PAYABLE THROUGH THE PRISON SYSTEM OR PAROLE AUTHORITIES, AS APPLICABLE. ** DISMISSALS: COUNTS 1 THRU
OF 04-09-00660-I; COUNTS 1 & 2 OF W-2004-000440-0802, DP; & COUNTS 1 & 2 OF W-2004-000441-0802, DP.

( ) IT IS ORDERED THAT THE SHERIFF DELIVER THE DEFEND. TO THE APPROPRIATE CORRECTIONAL AUTHORITY.
(X) DEFENDANT RECEIVES CREDIT FOR TIME SPENT IN CUSTODY
TOT. DAYS  16 DATES SEE ABOVE
(X) DEFENDANT RECEIVES GAP TIME CREDIT FOR TIME SPENT IN CUSTODY
TOT. DAYS  76 DATES SEE ABOVE
TOT. CUSTODIAL TERM 04Y 00M 000 INSTITUTION:        CARE COMMISS/CORR    TOT. PROBATION:00Y 00M

Case 1:06-cr-00023-KAJ    Document 33-2    Filed 12/12/2006    Page 14 of 28

```
        TOTAL FINE          $.00  1) A MANDATORY DEDR PENALTY IS IMPOSED
TOTAL RESTITUTION      $4,323.25       0 1ST DEGREE @ $3000        0 4TH DEGREE @ $750
                                       0 2ND DEGREE @ $2000        DISORDERLY PERSONS @ $500
                                       0 3RD DEGREE @ $1000

IF THE OFFENSE OCCURRED ON/AFTER                     TOTAL DEDR PENALTY        $.00
12/23/91 AN ASSESSMENT OF $50 IS       ( ) COURT ORDERS THAT COLLECTION OF DEDR PENALTY BE SUSPENDED UPON DEFENDANT'S
IMPOSED ON EACH CONVICTED COUNT            ENTRY INTO A RESIDENTIAL DRUG PROGRAM FOR THE TERM OF THE PROGRAM
UNLESS THE BOX BELOW INDICATES
A HIGHER ASSESSMENT ($30 IF OF-    2) A FORENSIC LABORATORY FEE OF $50 PER OFFENSE ORDERED  _ OFFENSES @ $50.
FENSE OCCURRED ON/AFTER 1/9/86                  TOTAL LAB FEE          $.00
UNLESS HIGHER ASSESSMENT NOTED)
($25 IF OFFENSE BEFORE 1/1/86)     3) DRUGS INVOLVED:
                                   4) A MANDATORY DRIVER'S LICENSE SUSPENSION OF ___ MO. IS ORDERED
  (X) ASSESSMENT IMPOSED ON            THE SUSPENSION BEGINS _____ END: _____
      COUNT(S)  1                      DRIVERS LICENSE # _____
      IS       $50.00 EACH.
TOTAL VCCB ASSESS     $50.00       DEFENDANT ADDRESS: _____
SSNA $75.00  LEOPA $30.00          EYE COLOR_____ SEX _____ DATE OF BIRTH _____
( ) INSTALLMENT PAYMENTS ARE       ( ) DEFENDANT HOLDS AN OUT-OF-STATE DRIVERS LICENSE FROM
      OF $_____ PER _____         JURISDICTION _____  DRIVERS LICENSE #
BEGINNING _____              ( ) YOUR NON-RESIDENT DRIVING PRIVILEGE IS REVOKED FOR ___ MONTHS
```

IF OFFENSE OCCURRED ON/AFTER 02/01/93 & SENTENCE IS PROBATION OR STATE CORRECTIONS, A TRANSACTION FEE UP TO $1.00 IS
ORDERED EACH OCCASION A PAYMENT OR INSTALLMENT IS MADE.
IF OFFENSE OCCURRED ON/AFTER 08/02/93 A $75 SAFE NEIGHBORHOOD SERVICES FUND ASSESSMENT IS ORDERED ON EACH CONVICTION
IF OFFENSE OCCURRED ON/AFTER 01/05/94 & SENTENCE IS PROBATION A FEE OF UP TO $25 PER MO. FOR THE PROB. TERM IS ORDERED
AMOUNT PER MONTH _n/a_

| NAME OF FORM PREPARER | TELEPHONE# | NAME (ATTORNEY) |
|---|---|---|
| S. ARRISON | 609 853 3534 | NEIL A HARTMAN ESQ. |

REPORTER:                          REASONS

## SEE ATTACHED "REASONS FOR SENTENCE"

| WALTER L MARSHALL JR, J.S.C. | _[signature]_ | MARCH 21 2005 |
|---|---|---|
| JUDGE (NAME) | JUDGE (SIGNATURE) | DATE |

STATE v. NICOLE PFUND                                    SENTENCE DATE: 3/21/05
INDICTMENT NOS. A04-09-00660-I, A04-08-00600-I, A04-07-00567-I,
   A04-06-00474-I, 04-12-00439-Z AND A04-08-00601-I

        Pursuant to a plea negotiated with the State, the defendant pled guilty on January 31, 2005
to Count 5 of Indictment No. A04-09-00660-I, theft by deception, in violation of NJSA 2C:20-4, a
3rd degree offense, to Count 1 of Indictment No. A04-08-00600-I, theft by deception, in violation
of NJSA 2C:20-4, a 3rd degree offense, to Count 7 of Indictment No. A04-07-00567-I, theft by
deception, in violation of NJSA 2C:20-4, a 3rd degree offense, to Count 1 of Indictment No. A04-
06-00474-I, attempted theft by deception, in violation of NJSA 2C:5-1, a 3rd degree offense, to
Count 1 of Indictment No. 04-12-00439-Z, theft by deception, in violation of NJSA 2C:20-4, a 3rd
degree offense, and to Count 1 of Indictment No. A04-08-00601-I, theft by deception, in violation
of NJSA 2C:20-4, a 4th degree offense.  The Court has reviewed the pre-sentence report and
finds the following factors:

## REASONS FOR SENTENCE,
## WHICH APPLY TO ALL SENTENCES

### AGGRAVATING FACTOR(S):

   3.     The risk that the defendant will commit another offense.

        The defendant's record is voluminous.  This factor applies and is given substantial weight.

   6.     The extent of the defendant's prior criminal record and the seriousness of the
offenses of which she has been convicted.

        This factor applies and is given substantial weight.

   9.     The need for deterring the defendant and others from violating the law.

        This factor applies in every case of this type.  This especially applies due to the fact that
the defendant is a repetitive offender.  This factor is given substantial weight.

### MITIGATING FACTOR(S):

   None.

---

        This was a negotiated plea agreement between the prosecutor and the defendant.  There
is, therefore, a presumption of reasonableness.  It appears appropriate under all the facts and
circumstances and, in the interests of justice the Court will impose the recommended sentence.

   The aggravating factors substantially outweigh the mitigating factor(s).

   There is no presumption for or against incarceration for these third degree crime.

Q4000207
W530629
W530630


JOHN T. LENAHAN, COUNTY PROSECUTOR
SALEM COUNTY PROSECUTOR'S OFFICE
FENWICK BUILDING
87 MARKET STREET
SALEM, NEW JERSEY  08079
Telephone (856) 935-7510, ext 8333
Attorney for Plaintiff/State of New Jersey


THE STATE OF NEW JERSEY        NOVEMBER SESSION
                               2004 TERM
            Plaintiff,

      vs.

                               INDICTMENT NO. 04-12-00439-I

NICOLE PFUND AKA               THEFT BY DECEPTION:
TABITHA L. RASTELLI            (Third Degree)(Two Counts)
                               UTTERING FORGED INSTRUMENT:
                               (Fourth Degree) (Two Counts)
            Defendant


    The Grand Jurors of the State of New Jersey, for the

County of Salem, upon their oaths and affirmations PRESENT

that on or about the 08th day of October, 2003, in the Boro

of Elmer, in the County aforesaid and within the

jurisdiction of this Court, NICOLE PFUND AKA TABITHA L.

RASTELLI purposely did obtain in excess of $500.00, from,

JT. HRG.
EXH. 4

Carl Harz Furniture by deception, that is, by creating or
reinforcing the false impression that the check she wrote
in order to pay for items purchased would be honored by
Wachovia Bank, contrary to the provisions of N.J.S.A.
2C:20-4, and against the peace of this State, the
government and dignity of the same.


SECOND COUNT


And the Grand Jurors aforesaid, upon their oaths
aforesaid do further PRESENT that the said NICOLE PFUND AKA
TABITHA L. RASTELLI at the time and place aforesaid and
within the jurisdiction of this Court, with the purpose to
defraud or injure, knowingly did utter as true to Carl Harz
Furniture check number 3705 drawn on the account of Tabitha
Rastelli at the Wachovia Bank payable to Carl Harz
Furniture in the amount of $1162.72 bearing thereon a
forged or falsely made signature or endorsement, knowing
the same to be forged of falsely made, contrary to the
provisions of N.J.S.A. 2C:21-1a(3), and against the peace
of this State, the government and dignity of the same.

THIRD COUNT

And the Grand Jurors aforesaid, upon their oaths aforesaid do further PRESENT that the said NICOLE PFUND AKA TABITHA L. RASTELLI on or about the 29th day of September, 2003 in the Boro of Elmer, County of Salem and within the jurisdiction of this Court, purposely did obtain in excess of $500.00, from Schalick Mills Inc., by deception, that is, by creating or reinforcing the false impression that the check she wrote in order to pay for items purchased would be honored by Wachovia Bank, contrary to the provisions of N.J.S.A. 2C:20-4, and against the peace of this State, the government and dignity of the same.

FOURTH COUNT

And the Grand Jurors aforesaid, upon their oaths aforesaid do further PRESENT that the said NICOLE PFUND AKA TABITHA L. RASTELLI on or about the 29th day of September, 2003 in the Boro of Elmer, County of Salem and within the jurisdiction of this Court, with the purpose to defraud or injure, knowingly did utter as true to Schalick Mills Inc. check number 3677 drawn on the account of Tabitha Rastelli at the Wachovia Bank payable to Schalick Mills Inc. in the

amount of $1544.99 bearing thereon a forged or falsely made

signature or endorsement, knowing the same to be forged of

falsely made, contrary to the provisions of N.J.S.A. 2C:21-

1a(3), and against the peace of this State, the government

and dignity of the same.

A True Bill Returned

_____          _____
Foreperson                               Salem County Prosecutor

Receipt of copy of the within indictment before entry, of
plea is acknowledged, pursuant to Rule 3:5-1.

                                         _____
                                         Defendant

STATE OF NEW JERSEY    05000533-001      NEW JERSEY SUPERIOR COURT   PAGE 01 OF 01
        V.                                GLOUCESTER COUNTY LAW DIVISION-CRIMINAL

NICOLE PFUND                                        XX  JUDGMENT OF CONVICTION
                                                       CHANGE OF JUDGMENT
DATE OF BIRTH  07/18/1975    S.B.I.#              981511B  XX  ORDER FOR COMMITMENT
DATE OF ARREST               DATE IND/ACCUSATION FILED  12/22/2004   INDICTMENT/ACCUSATION DISMISSED
DATE OF THE                  ORIGINAL PLEA WAS                       JUDGMENT OF ACQUITTAL
ORIGINAL PLEA  01/31/2005    __ NOT GUILTY    XX GUILTY

ADJUDICATION BY    XX GUILTY PLEA  DATE 01/31/2005   __ NON-JURY TRIAL  DATE _____
                   __ JURY TRIAL  DATE _____    __ DISM/ACQUITTED  DATE _____

ORIGINAL CHARGES ON ACC 04-12-00439-Z _____
      COUNT(S)   DESCRIPTION                      DEGREE  STATUTE
001, 003  THEFT BY DECEPTION                        3   2C:20-4
002, 004  FORGERY-UTTER                             4   2C:21-1A(3)


FINAL CHARGES _____
      COUNT(S)   DESCRIPTION                      DEGREE  STATUTE
001      THEFT BY DECEPTION                         3   2C:20-4

IT IS THEREFORE ON MARCH 21 2005     ORDERED AND ADJUDGED THAT THE DEFENDANT IS SENTENCED AS FOLLOWS:

COUNT 001, THEFT BY DECEPTION, 3RD DEGREE: THE DEFENDANT IS COMMITTED TO THE CUSTODY OF THE COMMISSIONER OF THE
DEPARTMENT OF CORRECTIONS FOR A TERM OF 4 YEARS, C/C TO A04-09-00660-I, A04-08-00600-I, A04-07-00567-I,
A04-06-00474-I & TO THE SENTENCE SHE IS CURRENTLY SERVING OUT OF CAMDEN AND/OR BURLINGTON COUNTY. CREDIT FOR TIME
SERVED OF 16 DAYS (4/29/04 TO 5/5/04 & 5/9/04 TO 5/17/04). GAP TIME CREDITS OF 76 DAYS (5/6/04 TO 5/8/04 & 1/7/05 TO
3/20/05). FINES & PENALTIES OF $50 VCCB & $75 SSNA. RESTITUTION AS INDICATED UNDER A04-09-00660-I. MONETARY
PAYMENTS, INCLUDING RESTITUTION, AND DNA TESTING & COSTS APPLY & ARE C/C TO A04-09-00660-I. ** DISMISSALS: COUNTS
2, 3 & 4 OF 04-12-00439-Z.

( ) IT IS ORDERED THAT THE SHERIFF DELIVER THE DEFEND. TO THE APPROPRIATE CORRECTIONAL AUTHORITY.
(X) DEFENDANT RECEIVES CREDIT FOR TIME SPENT IN CUSTODY
TOT. DAYS  16 DATES  SEE ABOVE
(X) DEFENDANT RECEIVES GAP TIME CREDIT FOR TIME SPENT IN CUSTODY
TOT. DAYS  76 DATES  SEE ABOVE
TOT. CUSTODIAL TERM 04Y 00M 000 INSTITUTION:        CARE COMMISS/CORR       TOT. PROBATION:00Y 00M

STATE OF NEW JERSEY V. NICOLE PFUND                    SBI# 981511B  IND/ACC# 04-12-00439-Z

| | | |
|---|---|---|
| TOTAL FINE | $.00 | 1) A MANDATORY DEDR PENALTY IS IMPOSED |
| TOTAL RESTITUTION | $.00 | 0 1ST DEGREE @ $3000    0 4TH DEGREE @ $750 |
| | | 0 2ND DEGREE @ $2000       DISORDERLY PERSONS @ $500 |
| | | 0 3RD DEGREE @ $1000 |

IF THE OFFENSE OCCURRED ON/AFTER                              TOTAL DEDR PENALTY       $.00
12/23/91 AN ASSESSMENT OF $50 IS          ( ) COURT ORDERS THAT COLLECTION OF DEDR PENALTY BE SUSPENDED UPON DEFENDANT'S
IMPOSED ON EACH CONVICTED COUNT              ENTRY INTO A RESIDENTIAL DRUG PROGRAM FOR THE TERM OF THE PROGRAM
UNLESS THE BOX BELOW INDICATES
A HIGHER ASSESSMENT ($30 IF OF-        2) A FORENSIC LABORATORY FEE OF $50 PER OFFENSE ORDERED _ OFFENSES @ $50.
FENSE OCCURRED ON/AFTER 1/9/86                     TOTAL LAB FEE       $.00
UNLESS HIGHER ASSESSMENT NOTED)
($25 IF OFFENSE BEFORE 1/1/86)         3) DRUGS INVOLVED:
                                       4) A MANDATORY DRIVER'S LICENSE SUSPENSION OF ___ MO. IS ORDERED
   (X) ASSESSMENT IMPOSED ON               THE SUSPENSION BEGINS _____ END: _____
       COUNT(S)  1                         DRIVERS LICENSE # _____
       IS      $50.00 EACH.
TOTAL VCCB ASSESS    $50.00        DEFENDANT ADDRESS: _____
SSNA $75.00                            EYE COLOR _____ SEX ___ DATE OF BIRTH _____
( ) INSTALLMENT PAYMENTS ARE           ( ) DEFENDANT HOLDS AN OUT-OF-STATE DRIVERS LICENSE FROM
    OF $ ____ PER _____                  JURISDICTION _____ DRIVERS LICENSE # _____
BEGINNING _____                  ( ) YOUR NON-RESIDENT DRIVING PRIVILEGE IS REVOKED FOR ___ MONTHS

IF OFFENSE OCCURRED ON/AFTER 02/01/93 & SENTENCE IS PROBATION OR STATE CORRECTIONS, A TRANSACTION FEE UP TO $1.00 IS
ORDERED EACH OCCASION A PAYMENT OR INSTALLMENT IS MADE.
IF OFFENSE OCCURRED ON/AFTER 08/02/93 A $75 SAFE NEIGHBORHOOD SERVICES FUND ASSESSMENT IS ORDERED ON EACH CONVICTION
IF OFFENSE OCCURRED ON/AFTER 01/05/94 & SENTENCE IS PROBATION A FEE OF UP TO $25 PER MO. FOR THE PROB. TERM IS ORDERED
AMOUNT PER MONTH  n/a

| NAME OF FORM PREPARER | TELEPHONE# | NAME (ATTORNEY) |
|---|---|---|
| S. ARRISON | 609 853 3534 | NEIL A HARTMAN ESQ. |

REPORTER:                              REASONS

### SEE ATTACHED "REASONS FOR SENTENCE"

| WALTER L MARSHALL JR, J.S.C. | _signature_ | MARCH 21 2005 |
|---|---|---|
| JUDGE (NAME) | JUDGE (SIGNATURE) | DATE |

STATE v. NICOLE PFUND                    SENTENCE DATE: 3/21/05
INDICTMENT NOS.  A04-09-00660-I, A04-08-00600-I, A04-07-00567-I,
   A04-06-00474-I, 04-12-00439-Z AND A04-08-00601-I

Pursuant to a plea negotiated with the State, the defendant pled guilty on January 31, 2005 to Count 5 of Indictment No. A04-09-00660-I, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, to Count 1 of Indictment No. A04-08-00600-I, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, to Count 7 of Indictment No. A04-07-00567-I, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, to Count 1 of Indictment No. A04-06-00474-I, attempted theft by deception, in violation of NJSA 2C:5-1, a 3rd degree offense, to Count 1 of Indictment No. 04-12-00439-Z, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, and to Count 1 of Indictment No. A04-08-00601-I, theft by deception, in violation of NJSA 2C:20-4, a 4th degree offense.  The Court has reviewed the pre-sentence report and finds the following factors:

## REASONS FOR SENTENCE,
## WHICH APPLY TO ALL SENTENCES

## AGGRAVATING FACTOR(S):

3.    The risk that the defendant will commit another offense.

The defendant's record is voluminous.  This factor applies and is given substantial weight.

6.    The extent of the defendant's prior criminal record and the seriousness of the offenses of which she has been convicted.

This factor applies and is given substantial weight.

9.    The need for deterring the defendant and others from violating the law.

This factor applies in every case of this type.  This especially applies due to the fact that the defendant is a repetitive offender.  This factor is given substantial weight.

## MITIGATING FACTOR(S):

None.

---

This was a negotiated plea agreement between the prosecutor and the defendant.  There is, therefore, a presumption of reasonableness.  It appears appropriate under all the facts and circumstances and, in the interests of justice the Court will impose the recommended sentence.

The aggravating factors substantially outweigh the mitigating factor(s).

There is no presumption for or against incarceration for these third degree crime.

AUG 1 1 2004

**SUPERIOR COURT OF NEW JERSEY**
**COUNTY OF GLOUCESTER**
**LAW DIVISION - CRIMINAL**

THE STATE OF NEW JERSEY      :          **JULY TERM, 2004**

     V.              :      (A)    **INDICTMENT NO.** 04-08-00600-    I

**NICOLE PFUND**

**Defendants**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 6, 2003, in the Township of Harrison, County of Gloucester, and within the jurisdiction of this Court, purposely did obtain the property of Warren's Hardware having a value in excess of $500.00, by deception, that is by creating or reinforcing the false impression that the uttered check was not fraudulent; contrary to the provision of N.J.S. 2C:20-4, and against the peace of the State, the government and dignity of the same.  Said crime being a crime of the 3rd degree. D.P. (theft by decep)

### SECOND COUNT

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 6, 2003, in the Township of Harrison, County of Gloucester, aforesaid and within the jurisdiction of this Court, did issue check number 3700 drawn on the account of Tabitha Rastelli at the Wachovia Bank in the amount of $1,122.88 knowing that Wachovia Bank would not honor said check, contrary to the provisions of N.J.S. 2C:21-5 and against the peace of this State, the Government and dignity of the same.  Said crime being a crime of the 3rd degree. W2004-000084-0808 (bad check)

### THIRD COUNT

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 6, 2003, in the Township of Harrison, County of Gloucester, aforesaid and within the jurisdiction of this Court, with purpose to defraud or injure, knowingly did utter as true to Warren's Hardware check number 3700 drawn on the account of Tabitha Rastelli at the Wachovia Bank payable to Warren's Hardware in the amount of $1,122.88, bearing thereon a forged or falsely made signature of endorsement, knowing the same to be forged or falsely made; contrary to the provisions of N.J.S. 2C:21-1a(3), and against the peace of this State, the Government and dignity of the same.  Said crime being a crime of the 4th degree.  W2004-000084-0808 (uttering)

**JT. HRG.**
**EXH.  5**

**FOURTH COUNT**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 8, 2003, in the Township of Harrison, County of Gloucester, and within the jurisdiction of this Court, purposely did obtain the property of Eckerd Store having a value in excess of $200.00, by deception, that is by creating or reinforcing the false impression that the uttered check was not fraudulent; contrary to the provision of N.J.S. 2C:20-4, and against the peace of the State, the government and dignity of the same. Said crime being a crime of the 4th degree. D.P. (theft by decep)

**FIFTH COUNT**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 8, 2003, in the Township of Harrison, County of Gloucester, aforesaid and within the jurisdiction of this Court, did issue check number 3703 drawn on the account of Tabitha Rastelli at the Wachovia Bank in the amount of $269.12 knowing that Wachovia Bank would not honor said check, contrary to the provisions of N.J.S. 2C:21-5 and against the peace of this State, the Government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000084-0808 (bad check)

**SIXTH COUNT**

The Grand Jurors of the State of New Jersey, for the County of Gloucester, upon their oaths present that **NICOLE PFUND**, on or about October 8, 2003, in the Township of Harrison, County of Gloucester, aforesaid and within the jurisdiction of this Court, with purpose to defraud or injure, knowingly did utter as true to Eckerd Store check number 3703 drawn on the account of Tabitha Rastelli at the Wachovia Bank payable to Eckerd Store in the amount of $269.12, bearing thereon a forged or falsely made signature of endorsement, knowing the same to be forged or falsely made; contrary to the provisions of N.J.S. 2C:21-1a(3), and against the peace of this State, the Government and dignity of the same. Said crime being a crime of the 4th degree. W2004-000084-0808 (uttering)

_____          _____
                                          **COUNTY PROSECUTOR**

**FOREMAN**

**CASE:** 04000860

STATE OF NEW JERSEY    04000860-001 A                    NEW JERSEY SUPERIOR COURT    PAGE 01 OF 01
    V.                                                  GLOUCESTER COUNTY LAW DIVISION-CRIMINAL

NICOLE PFUND                                            XX  JUDGMENT OF CONVICTION
                                                            CHANGE OF JUDGMENT
DATE OF BIRTH  07/18/1975    S.B.I.#                     981511B    XX  ORDER FOR COMMITMENT
DATE OF ARREST          DATE IND/ACCUSATION FILED  08/11/2004    INDICTMENT/ACCUSATION DISMISSED
DATE OF THE             ORIGINAL PLEA WAS                    JUDGMENT OF ACQUITTAL
ORIGINAL PLEA  01/31/2005    __ NOT GUILTY    XX GUILTY

ADJUDICATION BY    XX GUILTY PLEA  DATE 01/31/2005    __ NON-JURY TRIAL  DATE _____
                   __ JURY TRIAL  DATE _____    __ DISM/ACQUITTED  DATE _____

ORIGINAL CHARGES ON IND 04-08-00600-I _____
    COUNT(S)    DESCRIPTION                        DEGREE   STATUTE
001, 004 THEFT BY DECEPTION                          4   2C:20-4
002, 005 BAD CHECKS OVER $200 -KNOWING               4   2C:21-5
003, 006 FORGERY-UTTER                               4   2C:21-1A(3)

FINAL CHARGES _____
    COUNT(S)    DESCRIPTION                        DEGREE   STATUTE
001      THEFT BY DECEPTION                          3   2C:20-4

IT IS THEREFORE ON MARCH 21 2005    ORDERED AND ADJUDGED THAT THE DEFENDANT IS SENTENCED AS FOLLOWS:

COUNT 001, THEFT BY DECEPTION, 3RD DEGREE: THE DEFENDANT IS COMMITTED TO THE CUSTODY OF THE COMMISSIONER OF THE
DEPARTMENT OF CORRECTIONS FOR A TERM OF 4 YEARS, C/C TO A04-09-00660-I & TO THE SENTENCE SHE IS CURRENTLY SERVING
OUT OF CAMDEN AND/OR BURLINGTON COUNTIES. CREDIT FOR TIME SERVED OF 16 DAYS (4/29/04 TO 5/5/04 & 5/9/04 TO 5/17/04).
GAP TIME CREDITS OF 76 DAYS (5/6/04 TO 5/8/04 & 1/7/05 TO 3/20/05). FINES & PENALTIES OF $50 VCCB & $75 SSNA.
RESTITUTION AS INDICATED IN A04-09-00660-I. MONETARY PAYMENTS, INCLUDING RESTITUTION, AND DNA TESTING & COSTS
ARE C/C TO A04-09-00660-I. ** DISMISSALS: COUNTS 2 THRU 6 OF 04-08-00600-I.

( ) IT IS ORDERED THAT THE SHERIFF DELIVER THE DEFEND. TO THE APPROPRIATE CORRECTIONAL AUTHORITY.
(X) DEFENDANT RECEIVES CREDIT FOR TIME SPENT IN CUSTODY
TOT. DAYS 16  DATES  SEE ABOVE
(X) DEFENDANT RECEIVES GAP TIME CREDIT FOR TIME SPENT IN CUSTODY
TOT. DAYS 76  DATES  SEE ABOVE
TOT. CUSTODIAL TERM 04Y 00M 000 INSTITUTION:          CARE COMMISS/CORR          TOT. PROBATION:00Y 00M

| | | |
|---|---|---|
| TOTAL FINE | $.00 | 1) A MANDATORY DEDR PENALTY IS IMPOSED |
| TOTAL RESTITUTION | $.00 | 0 1ST DEGREE @ $3000        0 4TH DEGREE @ $750 |
| | | 0 2ND DEGREE @ $2000        DISORDERLY PERSONS @ $500 |
| | | 0 3RD DEGREE @ $1000 |

IF THE OFFENSE OCCURRED ON/AFTER
12/23/91 AN ASSESSMENT OF $50 IS                    TOTAL DEDR PENALTY        $.00
IMPOSED ON EACH CONVICTED COUNT          ( ) COURT ORDERS THAT COLLECTION OF DEDR PENALTY BE SUSPENDED UPON DEFENDANT'S
UNLESS THE BOX BELOW INDICATES                ENTRY INTO A RESIDENTIAL DRUG PROGRAM FOR THE TERM OF THE PROGRAM
A HIGHER ASSESSMENT ($30 IF OF-
FENSE OCCURRED ON/AFTER 1/9/86          2) A FORENSIC LABORATORY FEE OF $50 PER OFFENSE ORDERED _ OFFENSES @ $50.
UNLESS HIGHER ASSESSMENT NOTED)                    TOTAL LAB FEE        $.00
($25 IF OFFENSE BEFORE 1/1/86)         3) DRUGS INVOLVED:
                                       4) A MANDATORY DRIVER'S LICENSE SUSPENSION OF ___ MO. IS ORDERED
   (X) ASSESSMENT IMPOSED ON              THE SUSPENSION BEGINS _____ END: _____
       COUNT(S) 1                         DRIVERS LICENSE # _____
       IS        $50.00 EACH.
TOTAL VCCB ASSESS    $50.00         DEFENDANT ADDRESS: _____
SSN# $75.00                         EYE COLOR _____ SEX _____ DATE OF BIRTH _____
( ) INSTALLMENT PAYMENTS ARE        ( ) DEFENDANT HOLDS AN OUT-OF-STATE DRIVERS LICENSE FROM
    OF $ _____ PER _____             JURISDICTION _____ DRIVERS LICENSE # _____
    BEGINNING _____             ( ) YOUR NON-RESIDENT DRIVING PRIVILEGE IS REVOKED FOR ___ MONTHS

IF OFFENSE OCCURRED ON/AFTER 02/01/93 & SENTENCE IS PROBATION OR STATE CORRECTIONS, A TRANSACTION FEE UP TO $1.00 IS
ORDERED EACH OCCASION A PAYMENT OR INSTALLMENT IS MADE.
IF OFFENSE OCCURRED ON/AFTER 08/02/93 A $75 SAFE NEIGHBORHOOD SERVICES FUND ASSESSMENT IS ORDERED ON EACH CONVICTION
IF OFFENSE OCCURRED ON/AFTER 01/05/94 & SENTENCE IS PROBATION A FEE OF UP TO $25 PER MO. FOR THE PROB. TERM IS ORDERED
AMOUNT PER MONTH   n/a

| NAME OF FORM PREPARER | TELEPHONE# | NAME (ATTORNEY) |
|---|---|---|
| S. ARRISON | 609 853 3534 | NEIL A HARTMAN ESQ. |

REPORTER:                                    REASONS

SEE ATTACHED "REASONS FOR SENTENCE"

| | | |
|---|---|---|
| WALTER L MARSHALL JR, J.S.C. | | MARCH 21 2005 |
| JUDGE (NAME) | JUDGE(SIGNATURE) | DATE |

STATE v. NICOLE PFUND                          SENTENCE DATE: 3/21/05
INDICTMENT NOS.  A04-09-00660-I, A04-08-00600-I, A04-07-00567-I,
  A04-06-00474-I, 04-12-00439-Z AND A04-08-00601-I


     Pursuant to a plea negotiated with the State, the defendant pled guilty on January 31, 2005 to Count 5 of Indictment No. A04-09-00660-I, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, to Count 1 of Indictment No. A04-08-00600-I, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, to Count 7 of Indictment No. A04-07-00567-I, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, to Count 1 of Indictment No. A04-06-00474-I, attempted theft by deception, in violation of NJSA 2C:5-1, a 3rd degree offense, to Count 1 of Indictment No. 04-12-00439-Z, theft by deception, in violation of NJSA 2C:20-4, a 3rd degree offense, and to Count 1 of Indictment No. A04-08-00601-I, theft by deception, in violation of NJSA 2C:20-4, a 4th degree offense.  The Court has reviewed the pre-sentence report and finds the following factors:

### REASONS FOR SENTENCE,
### <u>WHICH APPLY TO ALL SENTENCES</u>

## <u>AGGRAVATING FACTOR(S):</u>

    3.     **The risk that the defendant will commit another offense.**

    The defendant's record is voluminous.  This factor applies and is given substantial weight.

    6.     **The extent of the defendant's prior criminal record and the seriousness of the offenses of which she has been convicted.**

    This factor applies and is given substantial weight.

    9.     **The need for deterring the defendant and others from violating the law.**

    This factor applies in every case of this type.  This especially applies due to the fact that the defendant is a repetitive offender.  This factor is given substantial weight.

## <u>MITIGATING FACTOR(S):</u>

    None.

---

    This was a negotiated plea agreement between the prosecutor and the defendant.  There is, therefore, a presumption of reasonableness.  It appears appropriate under all the facts and circumstances and, in the interests of justice the Court will impose the recommended sentence.

    The aggravating factors substantially outweigh the mitigating factor(s).

    There is no presumption for or against incarceration for these third degree crime.

COURT NAME, ADDRESS, TELEPHONE NO.
WOODBURY
200 N BROAD STREET
WOODBURY                    NJ 08096
856-845-0691

COUNTY OF
GLOUCESTER        N.J.    COURT CODE
                          0822

COURT DOCKET NUMBER(S)
1 THRU 1

Defendant  NICOLE PFUND
Address  361 S. FILBERT ST
City, State  GLOUCESTER CITY NJ 08030

Date of birth  07-18-1976

SS No.  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

Date of arrest  00-00-0000

Number of co-defendants  000   Dr. Lic. #  P30545910057764   SBI No.

COMPLAINT-SUMMONS

complainant  ALBERT ANDERSON  of  WOODBURY CITY POLICE DEPT

residing at  (ADDRESS OF PRIVATE CITIZEN COMPLAINANT)

Upon oath says that, to the best of (his) (her) knowledge, information and belief, the named defendant on or about the

03 day of  12  20 03  in  WOODBURY CITY   Municipal Code No.  0822   County of  N.J.

WITHIN THE JURISDICTION OF THIS COURT, ISSUE OR PASS A CHECK OR OTHER SIMILAR SIGHT ORDER FOR THE PAYMENT OF MONEY IN THE AMOUNT OF TWO HUNDRED EIGHT DOLLARS AND THIRTY SEVEN CENTS ($208.37) KNOWING THAT IT WOULD NOT BE HONORED BY THE DRAWEE, NICHOLE PFUND, SPECIFICALLY BY ISSUING A CHECK, #368? FROM ACCOUNT NUMBER 1010031367523 OUT OF WACHOVIA BANK FOR OFFICE SUPPLIES, AND HAVING INSUFFICIENT FUNDS.

THE COMPLAINANT IS A LAW ENFORCEMENT OFFICER AND A JUDICIAL PROBABLE CAUSE DETERMINATION IS NOT REQUIRED PRIOR TO THE ISSUANCE OF THE COMPLAINT SUMMONS

4-14-04 Phone Remand
2C:21-5B

Violation Of:    ☐ Domestic Violence - Confidential

Charge Number  1

I.S.  2C:21-5C(3)  ACSX  N.J.S.
Charge Number  1  As Amended  ACSX  N.J.S.

Subscribed and sworn to before me this  8TH  day of  APRIL  20 04

Signed  Ptr. Albert Anderson  (COMPLAINANT)

YOU ARE HEREBY SUMMONED TO APPEAR BEFORE THIS COURT TO ANSWER THIS COMPLAINT.  IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT WILL BE ISSUED FOR YOUR ARREST.

DATE SUMMONS ISSUED  04/08/2004   DATE TO APPEAR  06/02/2004   TIME  09:00   AM

Ptr. Albert Anderson   PATROLMAN
(SIGNATURE PERSON ISSUING SUMMONS)   TITLE

COURT ACTION (Where Judgement or Conditional Discharge is Entered)
☐ ADVISED OF RIGHTS

| PLEA | DATE OF PLEA | ADJUDICATION OR CONV. CODE | DATE | BOND SIGNATURE CODE | METHOD OF SERVICE | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | JAIL TERM | FINE | COSTS | REDUCTION TERM | SUSP BY |
| | 4/9/04 | | 7/14/05 | | 50 DAYS | 75 | 33 | | |

OTHER COURT ACTION
Total DEDR Penalty Amount:
Total Lab Fee   Conditional Disc. Fee   Total Violent Crimes Assessment Amount:  50
Community Service   Restitution  208.37   DL Susp.   Institution to Which Sentenced  75

☐ NO PHONE OR PERSONAL CONTACT WITH VICTIM
☐ NO POSSESSION FIREARMS / WEAPONS

JAIL TIME CREDIT

DEF. TO APPEAR
MUN. CT. ON  1/25/06
$4 PER MONTH

(FTA OR BAIL INFORMATION)   ☐ BAIL FORM ATTACHED

PROSECUTING ATTORNEY AND DEFENSE COUNSEL INFORMATION

MISCELLANEOUS INFORMATION

JAN 1 4 2005   DEFENDANT ADVISED OF RIGHTS

ORIGINAL

JT. HRG.
EXH. 6