IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA, :
:
        Plaintiff, :
:
  v. : Criminal Action No. 06-23-JJF
:
NICOLE PFUND, :
:
        Defendant. :

### MEMORANDUM ORDER

Presently before the Court is a Motion For Credit For Time Served (D.I. 42) filed by Defendant Nicole Pfund. For the reasons discussed, Defendant's Motion will be denied.

**I. BACKGROUND**

On March 17, 2006, Defendant was paroled from the State of New Jersey on convictions for various state law fraud crimes. Also on March 17, 2006, Defendant was taken into federal custody pursuant to an Indictment returned by a grand jury in the District of Delaware on March 16, 2006. On July 11, 2006, pursuant to a Memorandum of Plea Agreement, Defendant pled guilty to Count 11 of the Indictment, bank fraud in violation of 18 U.S.C. § 1344. (D.I. 17.)

On November 20, 2006, Defendant was sentenced by the Honorable Kent A. Jordan to 100 months imprisonment, $36,149.06 in restitution, and 60 months of supervised release. (D.I. 25.) Defendant appealed the judgment (D.I. 26, 27), which was subsequently affirmed by the United States Court of Appeals for

the Third Circuit without opinion on September 18, 2008 (D.I. 41). Defendant is currently incarcerated at a federal prison camp in Danbury, Connecticut.

By her Motion, Defendant asserts that on January 7, 2005, she was sentenced to 4 years imprisonment on charges of forgery, theft by deception, and theft by unlawful taking in the State of New Jersey. (D.I. 42.) Defendant contends that these cases are related to the federal charges currently being served, and asks the Court to grant 14 months credit to her federal sentence for time served on the state sentence. (Id.)

The Government opposes Defendant's Motion, contending that the United States Attorney General, through the Bureau of Prisons, has sole statutory authority to grant the relief requested by Defendant (i.e., credit for presentence detention). (D.I. 45, at 4-5.) In the alternative, the Government contends that should the Court analyze Defendant's Motion as a Petition For A Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2241, Defendant's Motion must still be denied because the Court lacks venue to issue a § 2241 writ, and because Defendant failed to exhaust administrative remedies. (Id. at 6-8.)

Should the Court accept the Government's contentions, Defendant requests appointment of counsel in order to bring a habeas corpus claim pursuant to 28 U.S.C. § 2255. (D.I. 46.)

## II. DISCUSSION

### A. Whether Defendant Is Entitled To Credit For Time Served

Computation of a federal sentence and credit for time served is governed by 18 U.S.C. § 3585. In pertinent part, 18 U.S.C. § 3585 provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences-
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; [and] that has not be credited against another sentence.

18 U.S.C. § 3585(b). Computation of credit for time a defendant has spent in official detention prior to beginning her federal sentence must occur after the defendant begins her sentence. U.S. v. Wilson, 503 U.S. 329, 333 (1992). The United States Attorney General, through the Bureau of Prisons, is responsible for computing credit for time served under § 3585(b) when imprisoning a defendant. Id. at 334-35. Prisoners may seek administrative review of the computation of their credits. Id. at 335; see also 28 CFR §§ 542.10- 542.19 (2002) (detailing Administrative Remedy Program in Bureau of Prisons).

Because the Bureau of Prisons is responsible for calculating and crediting a prisoner for time served, the Court will deny Defendant's Motion. Defendant is not left without means to challenge the Bureau of Prison's computation of credit for time

3

served, and may bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)("Section 2241 . . . confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."); Rodgers v. Holt, C.A. No. 09-cv-1376, 2010 WL 2265947, at *2 (M.D. Pa. June 2, 2010)(§ 2241 is properly invoked to challenge the determination of sentencing credit by the Bureau of Prisons). However, there is no indication in the record of Defendant seeking administrative review of the computation of credit, and exhaustion of administrative remedies is a prerequisite to bringing a petition for writ of habeas corpus under § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)("Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."); U.S. v. Murray, Crim. No. 01-44, 2010 WL 1838006, at *3 (W.D. Pa. May 5, 2010)(a prisoner must exhaust Bureau of Prison

---

[1] This Court lacks jurisdiction over any § 2241 petition brought by Defendant while she is incarcerated in the District of Connecticut. See Russell v. Levi, 229 Fed. Appx. 110, 111 (3d Cir. 2007)(United States District Court for the District of New Jersey lacked jurisdiction because the § 2241 petitioner was imprisoned in the Eastern District of Pennsylvania); Yi v. Maugans, 24 F.3d 500, 503 (3d Cir. 1994)("a district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district.").

administrative remedies before resorting to § 2241 to challenge calculation of credit for time served).

### B.  Whether Defendant Will Be Appointed Counsel

Although federal inmates do not have a right to the appointment of counsel for post-conviction proceedings, Coleman v. Thompson, 501 U.S. 722, 752 (1991), the Court has broad discretion to request counsel to accept appointment if the interests of justice so require.  18 U.S.C. § 3006A(a)(2).  The determination of whether to request counsel to accept appointment is guided by certain factors including:  (1) the defendant's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which a factual investigation will be necessary and the ability of the defendant to conduct such an investigation, (4) the defendant's capacity to retain counsel on his own behalf, (5) the extent to which the case is likely to turn on credibility determinations, and (6) whether the case will require expert testimony.  Tabron v. Grace, 6 F.3d 147, 155-157 (3d Cir. 1993).

Upon consideration of the Tabron factors, the Court concludes that counsel is not currently warranted.  Defendant's submissions are well-written and demonstrate that she is capable of understanding and discussing legal issues.  Further, considering the nature of Defendant's claim, it is not apparent that any detailed factual investigation will need to be

5

conducted, or that the Court will be required to make any credibility determinations.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion For Credit For Time Served (D.I. 42) is **DENIED**.

July 13, 2010
DATE

UNITED STATES DISTRICT JUDGE