IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NICOLE PFUND, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| v. ) | Civ. No. 10-743-LPS |
| ) | Cr. A. No. 06-23-LPS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM OPINION

Nicole Pfund, Federal Prison Camp, Danbury, CT.

    Pro se Movant.

Lesley F. Wolf, Esquire, OFFICE OF THE UNITED STATES ATTORNEY FOR THE DISTRICT OF DELAWARE, WILMINGTON, DE.

    Counsel for Respondent.

March 6, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Nicole Pfund ("Movant") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (D.I. 49, 54) The United States ("Respondent") filed an Answer in Opposition. (D.I. 58) For the reasons discussed, the Court will deny Movant's 2255 Motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On July 10, 2006, Movant pled guilty to count IX of a thirteen count indictment, charging her with knowingly devising a scheme and artifice with the intention of defrauding Wachovia Bank, N.A., in violation of 18 U.S.C. § 1344(1) and (2). (D.I. 17) On November 13, 2006, she was sentenced by the Honorable Kent A. Jordan to 100 months imprisonment. (D.I. 25) The Court of Appeals for the Third Circuit affirmed Movant's conviction and sentence on September 28, 2008. (D.I. 41)

On April 1, 2009, this case was reassigned to the Honorable Joseph J. Farnan, Jr. On August 30, 2010, Movant submitted an undated letter through the United States Postal Service's certified mail service to this Court. (D.I. 48) The letter states that Movant "specifically expressed [her] intent to file a 2255" and that she "asked for appointment of counsel." (*Id.* at 1) Attached to this letter were two additional letters to Judge Farnan dated August 10, 2009 and December 3, 2009. (*Id.* at 2) The August 10, 2009 letter indicates that Movant was "asking the Court to expedite [her] request for counsel to file a 2255 Motion," and she was aware that she "only [had] one year after [the] ruling on appeal" to file a Section 2255 Motion. (*Id.* at 1) The December 3, 2009 letter states that Movant was enclosing a Section 2255 Motion for filing with the Clerk of Court. (*Id.* at 3)

The Clerk of Court has no record of having received Movant's letters or a Section 2255 Motion until they were all docketed on August 30, 2010. (D.I. 49) Neither of the letters attached to the August 30, 2010 letter contains a certificate of service. The United States Attorney's Office for the District of Delaware has no record of receiving these documents any earlier. (D.I. 58 at 11) Furthermore, according to Respondent, "FCI Danbury, the prison where Defendant is incarcerated, also has no record of a mailing to the Court from Defendant in December 2009. In accordance with its outgoing mail procedures, the facility maintains a log of all outgoing certified mail. A review of that log by prison personnel demonstrates that Defendant did not send her 2255 petition to the Court by certified mail in December 2009." (*Id.*) Additionally, Movant's August 30, 2010 letter indicates that she knew her Section 2255 Motion was not on the docket. (D.I. 48 at 1)

On September 1, 2010, this case was reassigned to the undersigned judge. On September 21, 2010, the Court provided Movant with an Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") election form and directed her to indicate whether she: (1) wanted the Court to rule on her Section 2255 Motion; (2) intended to amend her Section 2255 Motion within 30 days; (3) intended to withdraw her Section 2255 Motion without prejudice to filing one all-inclusive Motion in the future; or (4) was not seeking federal habeas corpus relief under Section 2255 and was instead pursuing some other type of relief. (D.I. 52) Movant returned the election form on September 27, 2010, indicating that she wished to amend her Section 2255 Motion within 30 days. (D.I. 55)

2

Thereafter, on October 1, 2010, Movant filed an Amended Section 2255 Motion. (D.I. 54) On December 6, 2010, Respondent filed its Answer in Opposition to Movant's Amended Motion. (D.I. 58) Movant has not filed a reply to Respondent's Answer.

### III. LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on the filing of a Section 2255 Motion by a federal prisoner. *See* 28 U.S.C. § 2255; *Miller v. New Jersey State Dep't of Corrs.*, 145 F.3d 616, 619 n.1 (3d Cir. 1998) (holding that one-year limitations period set forth in Section 2255 is not jurisdictional bar and is subject to equitable tolling). The one-year limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A defendant may not attack a guilty plea via a habeas petition unless that conviction has first been challenged on direct review. *See United States v. Garth*, 188 F.3d 99, 106 (3d Cir. 1999) ("[V]oluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.") (internal citations omitted). However, even a procedurally

3

defaulted claim can be reviewed on the merits if a movant demonstrates either cause and actual prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998); *see also Garth*, 188 F.3d at 106; *United States v. Sanders*, 165 F.3d 248, 250 (3d Cir. 1999).

To prevail on her ineffective assistance of counsel claims, Movant must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Under the first prong of *Strickland*, Movant must demonstrate that counsel's performance fell below an objective standard of reasonableness, with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *See id.* at 688. Under the second prong, Movant must affirmatively show that counsel's deficient performance prejudiced her case. *See id.* at 692-93. That is, Movant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

When applying the *Strickland* test, the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

## IV. DISCUSSION

### A. Movant's Contentions

In her Amended Section 2255 Motion, Movant makes six claims of ineffective assistance of counsel and one claim challenging the federal government's right to prosecute her. (D.I. 54) Specifically, Movant contends that her attorney was ineffective because he: (1) did not seek a downward departure, pursuant to U.S.S.G. § 5G1.3, for time served relating to a New Jersey state conviction; (2) advised her to sign the plea agreement without researching U.S.S.G.

4

§ 2B1.(b)(10)(c)(1); (3) never advised her of the relevant conduct and criminal history category provisions of the U.S.S.G.; (4) did not properly argue the calculation of her criminal history and relevant conduct enhancements at sentencing; (5) failed to challenge federal jurisdiction; and (6) did not order a psychological evaluation prior to the change of plea hearing in order to "utiliz[e] [her] extensive psychological history" as a basis "to request a downward departure for diminished capacity." (*Id.* at 4, 5, 7)

Movant further requests that the Court permit her to take discovery, appoint counsel for her, and hold an evidentiary hearing. (*Id.* at 19)

### B.     Movant's Amended Section 2255 Motion is Time Barred

The limitations period for Movant's Amended 2255 Motion is determined pursuant to § 2255(f)(1), as Movant identifies no basis – nor does the Court discern any – for the applicability of subsections (f)(2), (f)(3), or (f)(4). The Third Circuit's decision affirming Movant's conviction and sentence issued on October 22, 2008. (D.I. 41) Movant had until December 18, 2008 to file a petition for a writ of *certiorari* with the United States Supreme Court. (D.I. 58 at 9) She did not do so. Thus, Movant's conviction became final on December 18, 2008. This gave Movant until December 19, 2009 to file a timely Section 2255 Motion. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *United States v. Duffus*, 174 F.3d 333, 335 (3d Cir. 1999); *Wilson v. Beard*, 426 F.3d 653, 662-63 (3d Cir. 2005) (holding that Federal Rule of Civil Procedure 6(a) applies to calculation of AEDPA's one-year limitations period). Movant did not file her Section 2255 Motion until August 30, 2010, more than eight months late.

The Clerk of Court has no record of receiving a Section 2255 Motion on behalf of Movant before August 30, 2010. Furthermore, the Clerk of Court has no record of receiving the letters dated August 10, 2009 and December 3, 2009 attached to Movant's August 30, 2010

5

letter. The United States Attorney's Office has no record of receiving these documents. Nor does the log at the facility in which Movant is incarcerated, FCI Danbury, show Movant placing her petition in the mail in December 2009. Moreover, neither of Movant's earlier letters – dated August 10, 2009 and December 3, 2009 – contains a certificate of service. Nor has Movant alleged any extraordinary circumstances beyond her control that would toll the running of the limitations period. *See Miller*, 145 F.3d at 616; *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998).

In sum, there is no basis on which to find the Amended 2255 Motion to have been timely filed. Accordingly, Movant's Amended 2255 Motion will be dismissed as time-barred.

### C.    Movant's Ineffective Assistance Claims Lack Merit

Even though Movant's Amended 2255 Motion is time-barred, the Court will address the merits of her claims, beginning with her multiple claims of ineffective assistance of counsel. It is Movant's burden to demonstrate that counsel was deficient in his performance and that Movant was prejudiced by the deficient performance. *See Fountain v. Kyler*, 420 F.3d 267, 275 (3d Cir. 2005). Movant has failed to meet this burden.

Movant contends that counsel was "ineffective by not seeking a downward [departure], pursuant to [U.S.S.G. §] 5G1.3, for the related [New Jersey] state conviction served prior to [her] current federal sentence." (D.I. 54 at 12) U.S.S.G. § 5G1.3(b)(2) states that the Court should impose a sentence of time served to run concurrently "if . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was a basis for an increase in the offense level for the instant offense." Respondent correctly notes that "[b]ecause the relevant conduct at issue was not part of Defendant's state conviction in New Jersey," Movant could not prevail on a downward departure motion based on application of

6

U.S.S.G § 5G1.3. (D.I. 58 at 17) Thus, Movant cannot demonstrate that she suffered prejudice from counsel's failure to seek this downward departure.

Movant contends that counsel advised her to sign the plea agreement without researching U.S.S.G. § 2B1.1(b)(10)(c)(i) or advising her of its applicability to her case. (D.I. 54 at 16) U.S.S.G. § 2B1.1(b)(10)(c)(i) provides for a two-point increase in the offense level "[i]f the offense involved . . . the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." Defense counsel objected to application of the enhancement on the grounds that there were no real identities involved in Movant's scheme. (D.I. 31 at 6) Judge Jordan disagreed, finding that the enhancement did apply as Movant utilized at least one real identity in her scheme. (D.I. 58 at 19) As Movant has failed to show that Judge Jordan was incorrect, she has likewise failed to show any prejudice from counsel's handling of this issue.

Movant contends that her attorney failed to advise her of the relevant conduct and criminal history category provisions of the U.S.S.G. (D.I. 54 at 19) More particularly, Movant claims that her attorney advised her that she would "receive a 60 month sentence" and, "[b]ased on counsel's advi[c]e," she accepted the plea offer. (*Id.*) Even assuming Movant's accusations are correct, as Respondent points out, Judge Jordan extensively advised Movant of the applicability of the Guidelines during her November 13, 2006 change of plea hearing. (D.I. 58 at 20; D.I. 30 at 16-17) Importantly, the Court wanted to "make sure we're all on the same page" and asked Movant whether she understood that the Court "need not accept any Government recommendation about sentencing, nor any recommendation by [her] own attorney or even any recommendation by the Probation Presentence Office." (D.I. 30 at 16-17) Movant indicated that

she understood. (*Id.*) She elected to proceed with entering a guilty plea. Again, Movant cannot demonstrate prejudice from the purported failings of her attorney.

Next, Movant contends that counsel did not properly argue the calculation of her criminal history and relevant conduct enhancements at the sentencing hearing, resulting in her being "bumped" from Category V to Category VI. (D.I. 54 at 19) As calculated in the PSR, Defendant had a total of 32 criminal history points, which were reduced to 23 points pursuant to U.S.S.G. § 4A1.1(c). Anything over 13 points mandates placement in criminal history category VI. Thus, defense counsel correctly observed at the sentencing hearing that the wisdom of seeking to reduce Movant's criminal history category "seemed to be minimal because there was not enough argument to justify the Court to get her to move down a category." (D.I. 31 at 5) Again, Movant has failed to show prejudice.

Movant's contention that counsel was deficient for failing to properly argue against relevant conduct enhancements is also unavailing. (D.I. 54 at 19) Movant stipulated to the relevant conduct enhancement in the plea agreement. (D.I. 17 at 2, 3; D.I. 30) Additionally, Judge Jordan determined that the PSR had correctly identified the relevant conduct and separated it from the conduct used to calculate Movant's criminal history. Movant cannot show prejudice.

Movant contends that counsel was ineffective for failing to challenge federal jurisdiction. She contends that counsel failed to "adequately understand the criteria for being charged with bank [fraud] pursuant to title 18 U.S.C. § 1344," and Movant had only "sought to victimize retailers" and not a federally insured financial institution. (D.I. 54 at 10) However, as Respondent points out, Movant "acknowledged her intent to defraud a federally insured institution" at the time of her guilty plea. (D.I. 58 at 23) Movant did not raise this issue in her direct appeal. (D.I. 41) Movant has failed to show prejudice. *See generally United States v.*

8

*Brandon*, 298 F.3d 307, 311 (4th Cir. 2002) (stating bank fraud may occur even when bank is not immediate victim of fraudulent scheme).

Finally, Movant contends that counsel was ineffective for not ordering a psychological evaluation prior to the change of plea hearing, which he could have used "to request a downward departure for diminished capacity" pursuant to U.S.S.G. § 5K2.13. (D.I. 54 at 14) In fact, when defense counsel discussed Movant's "history and characteristics," he did ask the Court to consider her history of abuse. (D.I. 31 at 8, 9) Defense counsel asked at sentencing that the Court grant Movant a variance on this basis. (*Id.* at 8, 9, 10) The Presentence Investigation Report also "extensively" discusses Movant's history. (D.I. 58 at 24) Under these circumstances, there is no basis to find prejudice from counsel's failure to seek a downward departure on these grounds.

### D.   Movant's Jurisdictional Challenge Lacks Merit

Movant asserts that "the government lacked jurisdiction to prosecute" her case. (D.I. 54 at 8) Movant did not raise this issue in her appeal. (D.I. 41) A defendant may not attack a guilty plea on habeas unless it has first been challenged on direct review. *See Garth*, 188 F.3d at 106. This issue is procedurally defaulted.

Thus, Movant must demonstrate cause and prejudice or actual innocence to overcome her procedural default. *See id.* at 107-11. This she cannot do. She identifies no basis for the Court to find cause and prejudice, and Movant openly admits her guilt. (D.I. 54 at 18)

### E.   Request for Assistance of Counsel

Federal inmates do not have a right to court appointed counsel for post-conviction proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). However, the Court has broad discretion to request counsel for appointment if the interests of justice so require. *See* 18

§ U.S.C. 3006(A)(2). The determination of whether to request counsel to accept appointment is guided by factors including: (1) the defendant's ability to present his own case; (2) the difficulty of the particular legal issue; (3) the degree to which a factual investigation will be necessary and the ability of the defendant to conduct such an investigation; (4) the defendant's capacity to retain counsel on her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require expert testimony. *See Tabron v. Grace*, 6 F.3d 147, 155-157 (3d Cir. 1993).

Here, because Movant's Amended 2255 Motion will be dismissed, her request for counsel is moot. (The same is true of Movant's requests for discovery and an evidentiary hearing.)

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court will dismiss Movant's Amended § 2255 Motion. The Court will not issue a certificate of appealability because reasonable jurists would not find the Court's conclusion here to be debatable. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2. An appropriate order will be issued.